Johnson *v.* Richardson.

## JOHNSON *v.* RICHARDSON.

A mortgage of real estate, made to secure an existing debt, is valid *pro tanto,* although it may also have been intended to secure future advances, as to which it is inoperative and void under the provisions of the statute.

The answer of a defendant in equity, responsive to the allegations of the bill, is to be taken and regarded as true, unless disproved by the testimony of two credible witnesses, or that of one such witness, with corroborating circumstances.

IN EQUITY. The bill alleges, in substance, that the plaintiffs are creditors of Daniel Marsh, against whom they have commenced suits still pending, in which they have attached Marsh's right of redeeming certain real estate mortgaged to the defendant to secure a note for $3,500, dated October 27, 1851; that said note was given as collateral security for the indebtedness of Marsh to the

firm of Dutton, Richardson & Co., of which the defendant was a member, existing at its date, and such indebtedness as might thereafter accrue from said Marsh to said firm in their business intercourse; that all the indebtedness of Marsh to said firm, existing at the date of said note, has been long since discharged, and that said mortgage, so far as designed to secure subsequently accruing indebtedness of Marsh to the firm, is inoperative and void. It therefore prays the court to declare the defendant's mortgage void, to decree that the same shall be surrendered up and cancelled, and for general relief.

The defendant's answer admits all the material allegations of the bill, except that the indebtedness of Marsh to the firm of Dutton, Richardson & Co., existing at the date of the note and mortgage, has ever been paid or in any way discharged, and avers that the amount of that indebtedness, still remaining wholly unpaid, is $4,172.99, and interest from May, 1852, as collateral security, for which the defendant's note and mortgage are still holden by him.

The plaintiffs filed a general replication, and thereupon the parties proceeded to proofs. The evidence, so far as necessary to an understanding of the case, is sufficiently stated in the opinion of the court.

*Morrison & Stanley*, (with whom was *H. Foster*,) for the plaintiffs.

*Clark & Smith*, for the defendant.

FOWLER, J. The only witness introduced by the plaintiffs to sustain the allegations of their bill, and overthrow the statements of the defendant's answer responsive thereto, was Daniel Marsh; and a considerable portion of the defendant's brief and argument were occupied with a discussion of the question of the incompetency of said Marsh as a witness for the plaintiffs, by reason of his interest in

the event of the suit, notwithstanding the acts of June 27, 1857, and June 25, 1858. In the view we have taken of the evidence we have not found it necessary or material to consider this question at all.

In their argument the plaintiffs' counsel assume the position that although the mortgage to the defendant may have been given to secure an existing debt, yet, as it was intended also, at the time of its execution, to secure subsequently accruing debts, and by the express provisions of section 3 of chapter 131 of the Revised Statutes, it must be inoperative and void as to such subsequently accruing debts, it should also be holden invalid and void as to existing debts, as between the mortgagee and the creditors of the mortgagor.

The question thus raised has been distinctly decided in at least two cases in this State, and we think it must be considered as well settled here, that under the provisions of the statute referred to, a mortgage of real estate, made to secure an existing debt, is valid and effectual as regards that debt, although it may have been intended also to secure future and subsequently accruing indebtedness, as to which it would be inoperative and void. *N. H. Bank* v. *Willard*, 10 N. H. 210; *North* v. *Crowell*, 11 N. H. 251; *Holbrook* v. *Baker*, 5 Greenl. 309; *Atkinson* v. *Maling*, 2 D. & E. 462; *Badlam* v. *Tucker*, 1 Pick. 398.

It is a well established rule in equity that the answer of a defendant, responsive to the allegations of the bill, is to be taken and regarded as true, unless disproved by the testimony of two credible witnesses, or that of one such witness, with corroborating circumstances. *Dodge* v. *Dodge*, 33 N. H. 487; *Busby* v. *Littlefield*, 33 N. H. 76; *Miles* v. *Miles*, 32 N. H. 166.

There is no controversy between these parties and all the evidence on both sides establishes conclusively the fact that at the date of the defendant's mortgage the mortgagor was indebted to the firm of Dutton, Richard-

son & Co. in the sum of more than $4,000, for $3,500 of which the mortgage to the defendant was executed as security. In his answer the defendant swears explicitly and unequivocally that no portion of this indebtedness has ever been paid, or in any way discharged. Daniel Marsh, on the other hand, undertakes to testify that the whole amount of this indebtedness has been satisfied and discharged by a settlement made with the defendant himself, in October, 1853, when he paid to the defendant the sum of $1900 in full satisfaction, not only of his indebtedness to the old firm of Dutton, Richardson & Co., for $4,172.99, but of his indebtedness to the new firm of the same name, for $3,070.78, and of the liability of the same firm to Chandler & Co., for $1,183.81, for him. The defendant says the $1,900 was paid by Marsh, and received by him in full satisfaction only of the $3,070.78, due the new firm of Dutton, Richardson & Co., and of their liability to Chandler & Co. for $1,183.81, and had nothing whatever to do with the indebtedness of $4,172.99 to the old firm, so far as relates to the note for $3,500, for which he holds the mortgage under consideration.

Admitting the entire competency of Marsh, and his freedom from prejudice, and that portions of his testimony are in direct conflict with the defendant's answer, still he is but a single witness, and so far from being corroborated by the surrounding circumstances, he is directly contradicted by those circumstances, and even by other portions of his own deposition, while his own letters put into the case go to show that he must be entirely mistaken, to say the least of it, when he undertakes to testify that the mortgage debt was ever paid or agreed to be discharged by any settlement or contemplated settlement between himself and the defendant. All the facts and circumstances of the transaction between the parties, as well as all the contemporaneous memoranda and written documents, even those made as well as those accepted by the

witness himself, go to show conclusively that when Marsh swears positively, as he repeatedly does in the course of his deposition, that all his indebtedness to Dutton, Richardson & Co. has been paid, satisfied and discharged, or was ever in any way agreed to be considered as paid, satisfied and discharged, otherwise than by the payment to them in full of the mortgage debt for $3,500, and interest, or by their receiving the mortgaged premises as their own absolute property, incumbered save by a prior mortgage to Robert Wilson, he must designedly testify to what he knows cannot be true, or be laboring under some sort of mental hallucination. Without adverting to the five letters of this witness written between the 12th of May and the 18th of September, 1854, three of them addressed to the defendant and the other two to Dutton, Richardson & Co., in all of which he distinctly recognizes the existence and validity of the defendant's mortgage and mortgage debt as a subsisting debt due from himself to the firm, which he was willing and anxious to pay, and not to particularize other matters in his deposition, he swears positively that the $1,900 was paid by him in October, 1853, and received by the defendant in full satisfaction, not only of the $3,070.78, which he owed the new firm of Dutton, Richardson & Co., but of the $4,172.99 and interest due the old firm, $3,500 of which he considered perfectly secured by the defendant's mortgage, and that the defendant at the same time agreed in writing to appropriate $1,183.81 of the $1,900 to satisfy a debt he owed Chandler & Co., for which that firm had become responsible, while almost in the next breath he says that the defendant's receipt, given at the time, and a copy of which he annexes to his deposition, contains "just the conditions" of the agreement in relation to the $1,900, and that receipt explicitly states the $1,900 to have been "received of Daniel Marsh" by Dutton, Richardson & Co., "in full payment and satisfaction of all claims and demands up to this

date, with the exception of those specified in a certain mortgage of real estate given to George Richardson by the said Marsh, amounting to about thirty-five hundred dollars." It is certainly charitable to believe that a witness who thus testifies is subject to some kind of self-deception or infatuation.

The defendant's answer is fully sustained in all its material averments by the testimony of John Tilton, one of the members of both firms of Dutton, Richardson & Co., and that of William S. Kennedy, who was the bookkeeper of both firms. They both testify expressly and positively that the indebtedness of Marsh to the old firm of Dutton, Richardson & Co., for $4,172.99, and interest since May, 1852, to secure $3,500, of which the mortgage to the defendant was executed, still remains wholly unpaid, unsatisfied and undischarged, while they corroborate the defendant's account of the transaction between the parties at the time the $1,900 was received by the defendant of Marsh, in October, 1853.

Upon a consideration of the defendant's answer, assailed only by the testimony of Marsh without the aid of corroborating circumstances, with the other evidence in the case, we entertain no doubt whatever, therefore, that the whole amount of the $3,500 note, secured by the mortgage to the defendant, has been from the date of said note, and still is, justly due to the defendant, as trustee for the old firm of Dutton, Richardson & Co., for the indebtedness of Daniel Marsh, the mortgagor, to said firm, existing at the date of said note and mortgage. The plaintiffs' bill must consequently be dismissed, with costs allowed to the defendant.

*Bill dismissed, with costs.*